**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Armando Gaytan Castaneda, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-cv-2229 |
| | § | |
| Department of Homeland Security | § | |
| | § | |
| Respondent. | § | |

**RESPONDENT'S MOTION TO DISMISS PETITION**
**FOR A WRIT OF HABEAS CORPUS AS MOOT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Respondent moves to dismiss the

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") for lack of subject

matter jurisdiction because the Petition is now moot following the Petitioner's voluntary departure

from the United States.

**RELEVANT BACKGROUND**

Petitioner is a native and citizen of Mexico. *Ex. 1*. On February 16, 2026, Petitioner was

arrested in Porter, Texas and transported to the Montgomery Processing Center for processing. *Id.*

On April 6, 2026, an Immigration Judge ("IJ") granted Petitioner's request for voluntary departure

and ordered that he depart the United States by April 13, 2026. *Id.* On April 8, 2026, ERO Houston

served Petitioner a Voluntary Departure and Verification of Departure, ICE Form I-210.  *Id.* On

April 10, 2026, ERO Houston secured a seat for Petitioner on an ICE Air Charter flight to Mexico

scheduled to depart on April 11, 2026. *Id.*  On April 11, 2026, Petitioner voluntarily departed the

United States to Mexico.  *Id.*

## STANDARD OF REVIEW

"A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998). And "Article III of the Constitution limits federal judicial power, that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (cleaned up). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (internal citations omitted). Otherwise, federal courts lack jurisdiction because their constitutional authority extends only to actual cases or controversies. *Id*. "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir.2006). To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of the federal judicial proceedings, and not simply at the time the plaintiff filed the complaint. *Spencer v. Kemma*, 523 U.S. 1, 7 (1998).

## ARGUMENT

"Generally, release from custody renders a habeas petition moot." *Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022); *see, e.g., Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions ... this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"); *Sutton v. Johnson*, 235 F.3d 1341, 2000 WL 1672840 *1 (5th Cir. 2000) ("[The petitioner's] habeas claims are moot due to his release to mandatory supervision"); *Berotte v. Johnson*, No. 99–40187, 2000 WL 1901510, at *1 (5th Cir.

2

Dec.13, 2000) ("[The petitioner] has not shown an injury-in-fact, and his habeas claims are moot due to his re-release on parole").

On April 11, 2026, Petitioner voluntarily departed the United States to Mexico. *Ex. 1.* Because the Petition requests the Court to order his release from detention, his voluntary departure to Mexico renders this relief moot. The Petition's only basis was the claim that Petitioner's detention was allegedly unlawful because it was possibly indefinite. As such, there is no longer relief to which he can be granted. Thus, the Court should dismiss the lawsuit on the basis that there is no subject matter jurisdiction due to the absence of a live case or controversy.

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus should be dismissed with prejudice due to the lack of subject matter jurisdiction, as the matter is now moot.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney

By:    /s/ *Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney
State Bar No. 00794069
SDTX: 20567
1000 Louisiana, Suite 2300
Houston TX 77002
(713) 567-9767 (PHONE)
(713) 718-3303 (FAX)
Email: Elizabeth.Karpati@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Instrument was sent via ECF on May 21, 2026, to all counsel of record.

/s/*Elizabeth F. Karpati*
ELIZABETH F. KARPATI
Assistant United States Attorney